NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LUCIANO BARRAGAN, individually and as a representative of a class of participants and beneficiaries on behalf of the Honeywell 401(k) Plan,<br><br>        Plaintiff,<br><br>        v.<br><br>HONEYWELL INTERNATIONAL INC., and DOES 1 to 10 inclusive,<br><br>        Defendants. | No. 24cv4529 (EP) (JRA)<br><br>MEMORANDUM ORDER |

**PADIN, District Judge.**

Pending before the Court is Defendants' motion for attorney's fees. D.E. 89 ("Motion").[1] Defendants' Motion comes on the heels of this Court's Opinion and Order, which granted Defendants' motion to dismiss and dismissed Plaintiff's Amended Complaint with prejudice. D.Es. 85 & 86 (respectively, the "Opinion" and "Order"). Plaintiff has appealed the Opinion and Order to the Third Circuit. *See* D.Es. 87 & 88 (collectively, the "Appeal").

It has long been understood that District Courts have significant discretion to manage their dockets as they see fit. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). This discretion "includ[es] scheduling the disposition of attorney's fee motions." *United Rentals (N. Am.) Inc. v. Liberty Mut. Fire Ins. Co.*, No. 19-17169, 2022 WL 7997043, at *2 (D.N.J. Oct. 14, 2022) (citing *id.*).

---

[1] Plaintiff has opposed Defendant's Motion, D.E. 90 ("Opposition"), and Defendants have replied, D.E. 91 ("Reply").

More concretely, "[a] District Court, at its discretion, may consider an application for attorneys' fees during the pendency of an appeal." *Duman Bd. of Educ. v. J.T. o/b/o I.T.*, No. 09-5048, 2010 WL 11566519 *1 (D.N.J. July 15, 2010) (citing *West v. Keve*, 721 F.2d 91, 95 n.5 (3d Cir. 1983)).  As the Third Circuit explained in *West*, "[s]hould the district court *prefer* to consider a fee application during a pending appeal on the predicate case, the district court is not divested of jurisdiction to determine the application."  721 F.2d at 95 n.5 (emphasis added).  On the other hand, a District Court may defer its ruling on a motion for attorney's fees if an appeal on the merits of a case is taken.  Fed. R. Civ. P. 54(d)(2)(B) 1993 Advisory Committee Note.  It can also deny the motion without prejudice.  *Id.*

Pursuant to the discretion afforded to the Court in *West*, the Court will defer deciding Defendants' Motion until Plaintiff's Appeal is resolved.  Put simply, the Court's course of action is the most efficient use of judicial resources.  As one court in this District explained, "[i]f this Court were to grant [Defendants'] [Motion], the parties would be forced to revisit the issue if the Third Circuit reverses the [Opinion] and [Order]."  *Loc. 827 Int'l Bhd. of Elec. Workers, AFL-CIO v. Verizon NJ Inc.*, No. 02-1019, 2006 WL 2246369, at *4 (D.N.J. Aug. 3, 2006).  Plus, were the Court to grant Defendants' Motion and were the Circuit to reverse this Court's Opinion and Order, Plaintiff would be forced to seek to vacate that order.  *See United Rentals*, 2022 WL 7997043, at *2.  By contrast, waiting to opine on Defendants' Motion until after the Appeal is decided would allow this Court and the parties to avoid those potentially unnecessary steps.[2]

However, it is not just the efficiency of proceedings that drives the Court's decision.  A decision from the Third Circuit will shed light on the merits of Defendants' Motion.  For instance, the Third Circuit will, regardless of how it decides the Appeal, address the Court's threshold consideration (when

---

[2] Moreover, Honeywell explicitly indicated in its Reply that it does not waive its right to seek fees and costs associated with Plaintiff's Appeal.  *See* Reply at 5 n.1.  Several of those costs are taxable in *this* Court.  *See* Fed. R. App. P. 39(f).  Should Defendants prevail before the Third Circuit and once again move for costs associated with litigating the Appeal, the Court can decide any and all requests for fees from this action, and that one, at once.

deciding a motion for attorney's fees) of whether Defendants have had success on the merits. *See Templin v. Indep. Blue Cross*, 785 F.3d 861, 863-64 (3d Cir. 2015). While Defendants currently have had success on the merits (based on this Court's Opinion and Order), a reversal would erase that success.

Additionally, when deciding the Motion, the Court must also consider the five factors set forth in *Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir. 1983). Two of those factors—the degree of Plaintiff's culpability and the relative merits of the parties' positions—will undoubtedly be addressed in a decision from the Circuit. For example, if the Circuit were to unanimously agree with this Court's Opinion and Order and conclude that Plaintiff's position lacked any merit, Defendants' arguments to the same effect in the Motion would have ample support. On the other hand, a split decision, or an indication from the Court that Plaintiff's position is meritorious—even if Plaintiff's Appeal is ultimately unsuccessful—could suggest a lack of bad faith on Plaintiff's part.

The Court is mindful that when confronted with the same situation, several courts have decided that "a pending appeal, standing alone, is insufficient reason to postpone a fee decision for an indefinite period." *In re Unisys Corp. Retiree Med. Benefits Erisa Litig.*, No. 03-3924, 2007 WL 4287393, at *2 (E.D. Pa. Dec. 4, 2007) (collecting cases). These cases note that "[f]ollowing non-jury trials, courts often prefer to evaluate the issue of attorneys' fees immediately after a judgment is made on the merits, 'while the services performed are freshly in mind.'" *Tower Health v. CHS Cmty. Health Sys., Inc.*, No. 19-2782, 2023 WL 5622623, at *3 (E.D. Pa. Aug. 11, 2023), *aff'd sub nom. Tower Health v. CHS/Cmty. Health Sys., Inc.*, No. 23-2532, 2024 WL 3874245 (3d Cir. Aug. 20, 2024) (quoting *id.*). Courts have also declined to stay motions for attorneys' fees when a case is several years old. *See, e.g.*, *Devcon Int'l Corp. v. Reliance Ins. Co.*, No. 01-201, 2008 WL 219968, at *1 (D.V.I. Jan. 2, 2008) (declining to stay consideration of attorney's fees in-part because of "the rather long pendency" of the action).

The Court finds this action distinguishable in several respects. Most notably, Plaintiff commenced this action only two years ago, and Plaintiff has not made it past the pleadings stage (*i.e.*, there has been no trial). Regardless of these distinctions, the Court is of the view that in this action, it makes most sense to decide the Motion once Plaintiff's Appeal has been resolved. While the Court recognizes the decisions to the contrary by several District Courts in this Circuit, the Court respectfully disagrees with their reasoning and is of the view that such a deferral is appropriate here.

Accordingly,

**IT IS**, on this 5th day of May, 2026, for the reasons set forth in the above,

**ORDERED** that Defendants' Motion, D.E. 89, is **ADMINISTRATIVELY TERMINATED**; and it is further

**ORDERED** that Defendants may refile their Motion upon the resolution of Plaintiff's Appeal, D.Es. 87 & 88.[3]

_____
Evelyn Padin, U.S.D.J.

_____

[3] Following a decision from the Third Circuit, the Court would consider a request from the parties to supplement their submissions with brief letters addressing the impact of the Third Circuit's decision on the Motion.

4